SRF 23608

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EV ENERGY PARTNERS, L.P., et al.,[1] ) | Case No. 18-10814 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**NOTICE OF (I) COMMENCEMENT
OF PREPACKAGED CHAPTER 11 BANKRUPTCY
CASES, (II) COMBINED HEARING ON THE DISCLOSURE STATEMENT,
CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN, AND
RELATED MATTERS, (III) OBJECTION DEADLINES, AND (IV) PROPOSED
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**NOTICE IS HEREBY GIVEN** as follows:

On April 2, 2018 (the "**Petition Date**"), EV Energy Partners, L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). On April 2, 2018, the Debtors filed a proposed joint prepackaged chapter 11 plan of reorganization [Docket No. 6] (the "**Plan**") and proposed disclosure statement [Docket No. 7] (the "**Disclosure Statement**") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at www.deb.uscourts.gov or free of charge on the Debtors' restructuring website at https://cases.primeclerk.com/evep.[2]

The Plan is a "prepackaged" plan of reorganization. The primary purpose of the Plan is to effectuate a balance-sheet restructuring of the Debtors' business (the "**Restructuring**"). The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: EV Energy Partners, L.P. (5690); EV Properties, L.P. (5543); EV Properties GP, LLC (3943); EnerVest Production Partners, Ltd. (8619); EVPP GP, LLC (8340); CGAS Properties, L.P. (7277); EVCG GP, LLC (7274); EnerVest Monroe Marketing, Ltd. (7606); EnerVest Monroe Gathering, Ltd. (7608); EV Energy GP, L.P. (5646); EV Management, LLC (5594); EV Energy Finance Corp. (3405); Belden & Blake, LLC (6642); and EnerVest Mesa, LLC (1725). The Debtors' service address is: 1001 Fannin Suite 800, Houston, TX, 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

*[Handwritten margin notes: "au ? top", "p. top", "As things stand Culpeper would release a debtor in bona fide no fault"]*

## Information Regarding the Plan and Disclosure Statement

**Voting Record Date.** The voting record date was **March 12, 2018**, which was the date for determining which holders of Claims in **Classes 3 and 4** of the Plan were entitled to vote.

### CRITICAL INFORMATION REGARDING
### OBJECTING TO THE PLAN AND DISCLOSURE STATEMENT

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS THAT DO NOT TIMELY FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY[3] UNDER THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

### RELEASES BY THE DEBTORS

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, on and after the Effective Date, the Released Parties shall be deemed released and discharged by the Debtors, their estates, and the Reorganized Debtors from any and all claims, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of the Debtors or Reorganized Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, their respective estates or the Reorganized Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, the restructuring, the Restructuring Transactions, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security or loans of the Debtors or the Reorganized Debtors, the subject matter of, or**

---

[3] "Releasing Party" means collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Consenting RBL Lenders; (c) the RBL Agent; (d) the Consenting Noteholders; (e) the Indenture Trustee; (f) the EnerVest Parties; (g) each holder of a Claim entitled to vote to accept or reject the Plan that (i) votes to accept the Plan or (ii) votes to reject the Plan or does not vote to accept or reject the Plan but does not affirmatively elect to "opt out" of being a Releasing Party by timely objecting to the Plan's third-party release provisions; (h) each holder of a Claim or Existing Equity Interest that is Unimpaired and presumed to accept the Plan; (i) each holder of a Claim or Existing Equity Interest that is deemed to reject the Plan that does not affirmatively elect to "opt out" of being a Releasing Party by timely objecting to the Plan's third-party release provisions; and (j) with respect each of the Debtors, the Reorganized Debtors and the foregoing entities described in clauses (a) through (i), such entities' current and former affiliates, and such entities' and such affiliates' partners, subsidiaries, predecessors, current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), members, officers, principals, employees, agents, managed accounts or funds, advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, together with their respective successors and assigns.

the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the RSA, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Exit Facilities Documents, or any other Restructuring Documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided* that the foregoing shall not operate to waive and release any claims, obligations, debts, rights, suits, damages, causes of action, or remedies of the Debtors or Reorganized Debtors (1) expressly preserved by the Plan or (2) arising after the Effective Date under or related to any agreements or documents executed to implement the Plan and the restructuring or assumed pursuant to the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

## RELEASES BY HOLDERS OF CLAIMS AND INTERESTS

As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all claims, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor or Reorganized Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, the restructuring, the Restructuring Transactions, the Chapter 11 Cases, the RSA, the purchase, sale, or rescission of the purchase or sale of any security or loans of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Exit Facilities Documents or any other Restructuring Documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided* that the foregoing shall not operate to waive and release any claims, obligations, debts, rights, suits, damages, causes of action, or remedies of the Debtors or Reorganized Debtors (x) expressly preserved by the Plan or (y) arising after the Effective Date under or related to any agreements or documents executed to implement the Plan and the Restructuring or assumed pursuant to the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's

finding that the Third Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties; (4) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

## DISCHARGE

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan. Any default or "event of default" by the Debtors or Affiliates with respect to any Claim or Interest that existed immediately before or on account of the Filing of the Chapter 11 Cases shall be deemed cured (and no longer continuing) as of the Effective Date. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

## EXCULPATION

Upon and effective as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring consultants, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim; *provided* that the foregoing "Exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined by a Final Order to have constituted actual fraud, gross negligence, or willful misconduct. The Exculpated Parties have participated in any and all activities potentially underlying any Exculpated Claim in good faith and in compliance with the applicable laws.

## INJUNCTION

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold

4

Claims or Interests that have been released pursuant to <u>Article VIII.C</u> or <u>Article VIII.D</u> of the Plan, discharged pursuant to <u>Article VIII.B</u> of the Plan, or are subject to exculpation pursuant to <u>Article VIII.E</u> of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement) executed to implement the Plan.

**Objections to the Plan and Disclosure Statement**. The deadline for filing objections (each, an "Objection") to the Plan and Disclosure Statement, or the proposed assumption of Executory Contracts and Unexpired Leases, is **May 8, 2018, at 5:00 p.m., prevailing Eastern Time** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties (as defined herein) so as to be actually received by the Objection Deadline.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **May 8, 2018, at 5:00 p.m., prevailing Eastern Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

the Debtors:

EV Energy Partners, L.P.
1001 Fannin, Suite 800,
Houston, Texas 77002
Attn.: Nicholas Bobrowski

with copies to:

Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 North LaSalle Street
Chicago, Illinois 60654
Attn.: Brad Weiland
Travis M. Bayer

5

|  |  |
|---|---|
|  | Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Joshua A. Sussberg, P.C.<br>       Jeremy David Evans |
|  | Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19801<br>Attn:  Laura Davis Jones |
| Counsel to the RBL Agent | Simpson Thatcher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Attn.:  Elisha Graff<br>       Nicholas Baker |
| Counsel to the Consenting Noteholders | Akin, Gump, Strauss, Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn.:  Philip Dublin<br>       Jason Rubin |
| Counsel to the Indenture Trustee | Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Attn.:  Stephanie Wickouski |

UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.

| Class | Claim or Interest | Voting Rights | Treatment | Plan Recovery | Liquidation Recovery |
|---|---|---|---|---|---|
| 1 | Other Secured Claims | Presumed to Accept | Unimpaired | 100% | 100% |
| 2 | Other Priority Claims | Presumed to Accept | Unimpaired | 100% | 100% |
| 3 | RBL Facility Claims | Entitled to Vote | Impaired | 100% | 100% |
| 4 | Senior Notes Claims | Entitled to Vote | Impaired | 57.8% | 23.3%–34.4% |
| 5 | General Unsecured Claims | Presumed to Accept | Unimpaired | 100% | 23.3%–34.4% |

| Class | Claim or Interest | Voting Rights | Treatment | Plan Recovery | Liquidation Recovery |
|---|---|---|---|---|---|
| 6 | Existing EVEP Equity Interests | Deemed to Reject | Impaired | 0%[4] | 0% |
| 7 | Intercompany Claims | Presumed to Accept/ Deemed to Reject | Unimpaired/Impaired | 0%–100% | 0% |
| 8 | Intercompany Interests | Presumed to Accept/ Deemed to Reject | Unimpaired/Impaired | 0%–100% | 0% |
| 9 | Section 510(b) Claims | Deemed to Reject | Impaired | 0% | 0% |

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Courtroom 6 of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on **May 15, 2018, at 10:00 a.m., prevailing Eastern Time**, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, any objections to the proposed assumption of Executory Contracts and Unexpired Leases, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

**BINDING NATURE OF THE PLAN:**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, WAS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

### Assumption of Executory Contracts and Unexpired Leases and Cure Claims

On the Effective Date, except as otherwise provided for in the Plan, each Executory Contract and Unexpired Lease shall be deemed assumed by the applicable Debtor, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) has been previously assumed or rejected; (2) previously expired or has been terminated pursuant to its own terms; (3) is the subject of a motion or notice to assume or assume and assign filed on or before the Confirmation Date; or (4) is designated specifically, or by category, on the Schedule of Rejected Executory Contracts and Unexpired Leases. The assumption of Executory Contracts and Unexpired Leases under the Plan may include the assignment of certain of such contracts to Affiliates. The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions and assignments.

---

[4] Existing EVEP Equity Interests will not receive any distribution on account of their Interests under the Plan but will receive their Pro Rata share of: (a) five percent of the New Common Stock (subject to dilution by the MIP Shares and New Common Stock issued pursuant to the New Warrants); and (b) the New Warrants.

Any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan, including an objection regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), must be filed with the Bankruptcy Court by the Objection Deadline, or such other deadline as may be established by order of the Bankruptcy Court. To the extent any such objection is not heard by the Bankruptcy Court at the Confirmation Hearing, such objection may be heard at a subsequent omnibus hearing. Any counterparty to an Executory Contract or Unexpired Lease that does not timely object to the proposed assumption of any Executory Contract or Unexpired Lease by the deadline established by the Bankruptcy Court will be deemed to have consented to such assumption.

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed under the Plan is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Reorganized Debtors upon assumption thereof in the ordinary course of business. If any counterparty to an Executory Contract or Unexpired Lease believes any amounts are due as a result of the Debtors' default under the obligations of such Executory Contract or Unexpired Lease, such counterparty shall assert a Cure Claim against the Debtors or Reorganized Debtors, as applicable, in the ordinary course of business, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such Cure Claim.

> I heard someone say she preferred to provide same bad job she had provided before again so no position of authority is allowed.
>
> conspiracy RICO etc

[*Remainder of page left intentionally blank.*]

> TX has strongest fraudulent transfer acts & US cts are required to use TX law — & those un also covered by TX deception trade practices act, also strongest in action
>
> Emile Hunt formally known as Landler Hunt (Houston, Houston dis, 20B & records provided all our cos, will cover cost
>
> N.D.

| | |
|---|---|
| Dated: April 5, 2018<br>Wilmington, Delaware | /s/ *Laura Davis Jones*<br>Laura Davis Jones (Delaware Bar No. 2436)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:   (302) 652-4400 |

-and-

Joshua A. Sussberg, P.C. (Admitted *pro hac vice*)
Jeremy David Evans (Admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

-and-

James H.M. Sprayregen, P.C.
Brad Weiland (*pro hac vice* admission pending)
Travis M. Bayer (Admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

[handwritten signature]

***If you have questions about this notice, please call (877) 755-4210 (US toll free) or (347) 505-7138 (International), email evepinfo@primeclerk.com or visit http://cases.primeclerk.com/evep***

[handwritten margin note: so debtors in possession don't even keep names of owners of prop. current? correct any other questions?]

DOCS_DE:218844.1 24441/001
KE 45406307

CUSIP 26926X AB9

TX Auction 4-19-18 Austin
Chapter 11
Case 18-10814 (CSS)       4-19-18

FILED
2018 APR 24 AM 8:22
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

① Debtors provide details of debts not the creditor
② I am a creditor, am position and proof
   ⑧ no debtor standing
③ no such thing as prepackaged chapter 11 of authority
④ I registered & tried to register as owner of a royalty interest last wks + Enervest & then the EV Energy Partners LP Bankruptcy was instituted immediately
⑤ please address all correspondence to Linda J. Hart (it or trustee)
   Our Mark Michael Bittoni
⑥ no shut-in royalties received >3 yrs & no other payments of royalties received by me or my trusts in over 3 yrs. no + mineral lease exists with Enervest. and the fraudulent transfers to affiliates e.g. EV Energy Partners LP.
⑦ Michael Bittoni always says no approval, partners such as EV should liquidate their assets & distribute to creditors ASAP especially since ⑧ nothing of value received & belongs in TX state cts + is provision also related to EFH

only their attys + winning they should be disbarred

based on behalf of debtors & to be not in any person

bound to TX PUC + Enron debacle etc.

Clerk:
DE—



PLEASE RETAIN THIS STUB WITH YOUR COURSE MATERIALS

**Course No -**

The accreditation course number that has been assigned to this course does NOT need to be entered on the attached Course Attendance Form. When the completed form is returned to the State Bar by the CLE sponsor, your attendance at this activity will be recorded in all of your applicable compliance records, including MCLE, Board of Legal Specialization, Bar College and Texas Center for the Judiciary, to the extent this program has been accredited for those purposes. However, for your records, please obtain this number from the CLE sponsor and enter it here.

COURSE NO.

**For MCLE Reporting -**

Do Not use this form if you did not attend this CLE activity in person. If you purchased the written materials for this course, you can only claim self-study credit hours for this activity.

US Criminal Anti-Trust Enforcement Goals + Trends DBA Anti Trust Section

# State Bar of Texas
## CLE Course Attendance Form

*[Handwritten annotations across top:] ums [illegible] complete absolutely is [illegible] debtors all [illegible] attorney [illegible] copy all [illegible] doing [illegible] to which [illegible]*

**INSTRUCTIONS**

1. NO. 2 PENCIL or PEN (BLUE or BLACK ink) is acceptable for completion of this form. (DO NOT FOLD THIS FORM).
2. Enter your Texas Bar card number in the block labeled BAR CARD NO. below and blacken the oval that corresponds to each number.
3. Enter the total number of hours attended in the block labeled CREDIT HOURS. Total participatory hours attended, including ethics should be entered in the block marked 'PARTIC. HOURS'. If any portion of the total hours attended includes ethics, then enter the amount of time devoted to ethics in the block marked 'ETHICS HOURS'. Blacken the oval corresponding to each number.
4. Enter the TITLE of this CLE activity in the space provided below.
5. Sign and date the **Statement of Attendance** below. Print your name in the space below your signature.
6. Carefully tear completed form at the perforation. Leave the completed form with the CLE sponsor at the conclusion of the course. DO NOT SEND THIS FORM DIRECTLY TO THE STATE BAR OF TEXAS MCLE DEPARTMENT. Forms not turned in at the time of the activity should be mailed back to the course sponsor.

**IMPORTANT** — Please use No. 2 Pencil or Pen (blue or black ink) to complete this form.
- MAKE **DARK** MARKS
- DO NOT FOLD FORM
- ERASE COMPLETELY TO CHANGE
- EXAMPLE ① ② ● ④ ⑤

**BAR CARD NO.:** 09148700

**CREDIT HOURS**
PARTIC. HOURS: 01.00
ETHICS HOURS: [blank]

**TITLE OF CLE ACTIVITY:** US Criminal Anti Trust Enforcement Goals + Trends

### Statement Of Attendance

I hereby swear or affirm that I did attend the CLE activity for which this Course Attendance Form is being submitted and that I attended the full number of hours for which the activity has been accredited unless a lesser number of hours is shown in the block above. I understand that a false statement or misrepresentation regarding my attendance at this CLE activity is subject to disciplinary action pursuant to Rule 8.04 of the Texas Rules of Professional Conduct.

SIGNATURE: Linda J. Hartch
DATE COURSE TAKEN: 4-17-18
PRINTED NAME: LINDA J. HART

DO NOT FOLD